12-4394-cr
United States v. Howe

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of November, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             RICHARD C. WESLEY,
                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                      *Appellee*,

             -v-                                          12-4394-cr

ANTHONY C. HOWE, SR.,

                      *Defendant-Appellant*.

_____

Appearing for Appellant:     Jay Samuel Ovsiovitch (Mark D. Hosken, *on the brief*), Office of the Federal Public Defender, Rochester, NY.

Appearing for Appellee:     Stephan J. Baczynski, Assistant United States Attorney (William J. Hochul, Jr., United States Attorney for the Western District of New York, *on the brief*), Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Larimer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Pursuant to Anthony C. Howe, Sr.'s plea agreement, he was adjudicated guilty of receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (a)(5)(B), (b)(1), and (b)(2). He was sentenced principally to 180 months of imprisonment. Howe now appeals from the district court's denial of his motion to suppress evidence. On appeal, he asserts that: (1) there was no probable cause to seize his laptop computer without a warrant; and (2) the delay between the seizure of his laptop and the issuance of a federal warrant to search the laptop was unreasonable under the Fourth Amendment. Further, he appears to maintain that there was not probable cause to support the issuance of a federal warrant to search the laptop. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"On an appeal from a district court's ruling on a motion to suppress evidence, we review the court's factual findings for clear error, viewing the evidence in the light most favorable to the government. The district court's legal conclusions are reviewed *de novo*." *United States v. Edelman*, 726 F.3d 305, 308 (2d Cir. 2013) (internal quotation marks omitted).

First, the district court did not err in concluding that probable cause existed to seize Howe's laptop. The magistrate judge found that Officer Daniel Weegar, who later seized the laptop, "viewed the Sample Pictures folder" on that computer, which contained at least one thumbnail image that the magistrate judge determined was lascivious. Under *United States v. Rivera*, 546 F.3d 245, 250 (2d Cir. 2008), the magistrate judge did not err in that determination. Based on the foregoing, it was not unlawful for Weegar to seize the laptop because a reasonable person could have concluded that there was a fair probability that Howe's computer would be useful as evidence of a child pornography crime. *See Texas v. Brown*, 460 U.S. 730, 742 (1983) (plurality opinion) ("probable cause is a flexible, common-sense standard").

Second, although the government's delay in seeking the federal warrant to search the laptop was quite lengthy, it was not constitutionally unreasonable based on the particular facts in this case. In determining the reasonableness of the government's delay in seeking a search warrant after a valid seizure, a court looks to various factors, including the length of time for which the individual was deprived of her or his property, any diminished interest in the property that the individual may have had, and whether the seizure affected the individual's liberty interests, for example, where an officer seizes a traveler's luggage and thereby disrupts that individual's travel plans. *See United States v. Martin*, 157 F.3d 46, 54 (2d Cir. 1998). The court also analyzes the government's interests in seizing the property, and balances the competing interests. *See id.*; *see also Illinois v. McArthur*, 531 U.S. 326, 331 (2001) ("we balance the privacy-related and law enforcement-related concerns to determine if the intrusion was reasonable").

In this case, Howe was deprived of his laptop for a long period of time, approximately thirteen months. During that time, Howe's possessory interest in the laptop was diminished by the fact that Weegar had viewed a folder on that computer containing the lascivious thumbnail image described earlier. That image provided the government with a strong interest in retaining the laptop and not returning it to Howe. In addition, the seizure of the laptop did not restrain Howe's liberty interests. Importantly, the magistrate judge found that the government's delay in seeking the federal warrant was due to error, rather than a lack of diligence in pursuing a search warrant. Thus, this is not a case in which the government provided no explanation for its delay

2

and did not show any sense of urgency in obtaining a search warrant. Rather, the government's diligence in this case was exhibited by Weegar, who swore out an application for a state warrant to search Howe's residence and the laptop the day after the computer was seized. The delay in seeking the federal search warrant was based, at least in part, on Weegar's belief, albeit erroneous, that he had obtained a state warrant to search the laptop. While the thirteen-month delay in seeking the federal warrant was lengthy, it was not constitutionally infirm on the facts of this case.

Finally, to the extent that Howe argues that the federal search warrant was not based on probable cause, that argument is without merit. In the warrant context, "[p]robable cause is 'a practical, commonsense decision whether, given all the circumstances set forth in the affidavit . . . , including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Canfield*, 212 F.3d 713, 718 (2d Cir. 2000) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). In this case, the affidavit in support of the application for the federal search warrant stated the following. An employee at the establishment from which Howe had rented the laptop showed a law enforcement official images on Howe's computer that the employee believed to be children engaged in sexually explicit conduct. Two of Howe's family members stated that they had seen titles of files on Howe's laptop that indicated that those files contained depictions of children engaging in lewd acts. In addition, a third member of Howe's family stated that Howe had admitted to downloading "kiddy porn" onto his computer. Based on that information, which was not a product of the searches conducted pursuant to the invalid state warrant, there was probable cause that evidence of a child pornography crime would be found on Howe's laptop.

We have examined the remainder of Howe's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3